UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

William McDermott,

        Plaintiff,

  vs.                       REPORT AND RECOMMENDATION

Rich Morgante, Commissioner
(or present Commissioner);
Internal Revenue Service; Brent
Cochran, and Minnesota Department
of Revenue; State of Minnesota;
J. Bonnie Rehder, Recorder Clay
County, Minnesota; and Lori
Johnson, Auditor/Tax Assessor
Clay County, Minnesota,

        Defendants.        Civ. No. 06-1071 (JMR/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. <u>Introduction</u>

This matter came before the undersigned United States Magistrate Judge

pursuant to a general assignment, made in accordance with the provisions of Title 28

U.S.C. § 636(b)(1)(B), upon the Plaintiff's Motion for Entry of Default Judgment. For

reasons which follow, we recommend that the Plaintiff's Motion for Entry of Default

Judgment be denied.

## II.  Factual Background

This action was commenced on March 16, 2006, by the filing of a Complaint. On April 14, 2006, a Return of Service was filed, which disclosed that the Defendant Brent Cochran   ("Cochran") received the Summons and Complaint on March 29, 2006.[1]

On June 5, 2006, this Court issued an Order, which directed the Plaintiff to:

> Notify the Defendant Brent Cochran  immediately that he is required to serve and file his Answer or some other responsive pleading, or to move for an extension of time to do so, and that an application for entry of default is required within 10 days of such notification if no response is filed.

Order, Docket No. 23.

Cochran, who is an employee with the Minnesota Department of Revenue, filed his Answer on June 8, 2006.  See, Docket No. 26.

---

[1]The Returns of Service filed by the Plaintiff were left blank.  However, he attached the Return Receipts from his purported mailings, by Certified Mail, to each of the Defendants.  By way of explanation, the Plaintiff represents that "[t]here are also letters of explanation by the post office for the unsigned receipt to Brent Cochran and the Mn. Dept. of Revenue, showing time and date of receipt, plus the names of the person receiving it," and that "[t]his is the best I could do under these circumstances." Docket No. 8, at p.4.  The Plaintiff has also represented that  "Darleen Klemm" signed for the receipt of the mailings, at the Minnesota Department of Revenue ("MDOR"), on March 29, 2006.

The Plaintiff represents that he served Cochran, by Certified Mail,[2] with our Order -- which directed Cochran to file a responsive filing -- on June 8, 2006.  See, Plaintiff's Response to Court Order and Petition for Default Judgment, Docket No. 27, at p. 1.  He concedes that, "[b]efore plaintiff even received such a receipt, plaintiff received a response from the Minnesota Attorney General, representing Brent Cochran, making said letter a moot issue."  Id.  On June 13, 2006, the Plaintiff filed his Motion for Entry of Default Judgment with the Court.  Id.

III.  Discussion

A.    Standard of Review.  According to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and the fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  A Judgment of default may, thereafter, be entered on application to the Court.  See, Johnson v. Dayton Electric Manufacturing Co., 140 F.3d 781, 783 (8th Cir. 1998) ("When a party 'has failed to plead or otherwise defend' against a pleading listed in

---

[2]While service of process by Certified Mail is of dubious effectiveness, as the mode of "service" does not control the result we reach, and since the Defendants have now all appeared of Record, we assume, without deciding, that the service employed by the Plaintiff was effective.

Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."); <u>United States v. Woods</u>, 2004 WL 790332 at *3 (D. Minn., March 31, 2004)("Rule 55(b)(2) commits the entry of a default judgment to the discretion of the district court."), citing <u>FTC v. Packers Brand Meats, Inc.</u>, 562 F.2d 9, 10 (8th Cir. 1977); see also, <u>Harris v. St. Louis Police Dept.</u>, 164 F.3d 1085, 1086 (8th Cir. 1998).

When determining whether a Default Judgment is appropriate, the Court must consider whether the assertedly defaulting party has filed a responsive Answer, or other pleading, prior to an entry of Default Judgment.  See, <u>Johnson v. Allied Interstate Inc.</u>, 2002 WL 1906024 at *2 (D. Minn., August 19, 2002)("Although the entry of a default against Allied would have been warranted as of the date Johnson brought her motion for default judgment, no default was entered on the docket pursuant to Rule 55(a), and the Court cannot ignore the fact that an Answer has now been filed and Allied is prepared to defend the lawsuit on the merits.").

A Court may enlarge the time for the filing of a document when the failure to act was the result of excusable neglect.  See, <u>Rule 6(b)(2), Federal Rules of Civil Procedure</u>.  Our Court of Appeals has also recognized that a failure to file an Answer, or other required pleading, can be excused under certain circumstances, including

"excusable neglect," when faced with the potential of a Default Judgment.   See,
Johnson v. Dayton Electric Manufacturing Co., supra at 784.   Notably, Rule 55(c)
allows the Court to set aside an entry of default "for good cause shown," or "in
accordance with Rule 60(b)," which in turn provides that a Judgment may be set aside
upon a showing of "mistake, inadvertence, surprise, or excusable neglect."
"[W]hether conduct is excusable is an equitable determination that 'tak[es] account
of all relevant circumstances surrounding the party's omission.'" Johnson v. Dayton
Electric Manufacturing Co., supra at 784, citing Pioneer Investment Services v.
Brunswick Associates Limited Partnership, 507 U.S. 380, 395 (1993).

Guided by Johnson v. Dayton Electric Manufacturing Co., the following factors
are of principal consideration: 1) "the blameworthiness of the defaulting party;" 2)
whether the defaulting party has presented a meritorious defense; and 3) prejudice to
the non-defaulting party.  Id. at 784-785.   "[P]rejudice may not be found from delay
alone or from the fact that the defaulting party will be permitted to defend on the
merits."  Id. at 785.   Instead, the asserted prejudice must be "concrete," such as the
"loss of evidence, increased difficulty in discovery, or greater opportunities for fraud
and collusion."  Id., quoting Berthelson v. Kane, 907 F.2d 617, 621 (6th Cir. 1990).

Such considerations reflect the "judicial  preference for adjudication on the merits." Id. at 784, citing Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993).

      B.    Legal Analysis. Considering the factors identified in Dayton Electric, the Plaintiff has failed to demonstrate that a Default Judgment against Cochran would be proper. Specifically, the Plaintiff has not shown that Cochran's failure to file a timely responsive pleading was a gesture of bad faith, or was otherwise intended to delay the proceedings, see, Forsyth v. Hales, 255 F.3d 487, 490 (8th Cir. 2001)(while "[d]efault judgment is appropriate where the party against whom the judgment is sought has engaged in willful violations of court rules, contumacious conduct, or intentional delays * * * [it] is not an appropriate sanction for a marginal failure to comply with time requirements."), and, in any event, the Plaintiff has not identified any prejudice that has resulted from Cochran's untimely response. See, Johnson v. Allied Interstate, Inc., supra at *2 (responsive pleading that was filed sixty-four (64) days after deadline did not warrant a Default Judgment, in the absence of concrete prejudice).

      Furthermore, the Plaintiff did not move for an Order of Default Judgment until prompted by this Court's Order of June 5, 2006. At that time, the Plaintiff was directed to apply for an entry of default if Cochran failed to respond within ten (10) days receipt of the Plaintiff's notice. Here, Cochran responded within the time frame

provided in the Court's Order, and prior to any receipt of direction from the Plaintiff. Therefore, the Plaintiff cannot now claim that he has been prejudiced by Cochran's compliance with our Order.   Accordingly, we find this factor weighs in favor of denying an entry of default.  See, American States Insurance Corporation v. Technical Surfacing, Inc., 178 F.R.D. 518, 521 (D. Minn. 1998)("Accordingly, '"[w]hen a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on their merits.'"), citing Wendt v. Pratt, 154 F.R.D. 229, 230 (D. Minn. 1994), quoting Lee v. Brotherhood of Maintenance of Way Employees, 139 F.R.D. 376, 381 (D. Minn. 1991), citing, in turn, 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d, §2593, at p. 411.

We also note that Cochran  has presented a number of affirmative defenses in his Answer.  As but one example, Cochran has asserted that the Plaintiff is not entitled to any relief as this action is barred under the doctrines of res judicata and collateral estoppel.  Separate Answer of Brent Cochran, Docket No. 26, at ¶¶5-7; see also, Professional Management Associates, Inc. v. KPMG LLP, 345 F.3d 1030, 1032 (8th Cir. 2003), citing Landscape Props., Inc. v. Whisenhunt, 127 F.3d 678, 682 (8th Cir. 1997)("Under res judicata, a judgment on the merits in an earlier lawsuit bars a second

suit involving the same parties based on the same cause of action."); Leonard v. Southwestern Bell Corp. Disability Income Plan, 341 F.3d 696, 701 (8th Cir. 2003), citing Thomas v. General Motors Corp., 522 U.S. 222, 233 n. 5 (1998)(noting that collateral estoppel applies to bar the relitigation of "an issue of fact or law, actually litigated and resolved by a valid final judgment, [which] binds the parties in a subsequent action, whether on the same or a different claim.").  For purposes of these Motions, we do not decide if the defenses are applicable, let alone controlling, but we simply recognize that the meritorious defense factor merely requires that "the proffered evidence 'would permit a finding for the defaulting party,' not whether it is undisputed."  Johnson v. Dayton Electric Manufacturing Co., supra at 785, quoting, Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 812 (4th Cir. 1988).  Here, given the potential applicability of the doctrines of res judicata and collateral estoppel, we find that Cochran has presented a meritorious defense and, when coupled with the other Dayton Electric factors, we conclude that a Default Judgment is inappropriate.

In sum, the pertinent factors all weigh in favor of allowing the case against Cochran to proceed on its merits.  Accordingly, we recommend that the Plaintiff's request that Default Judgment be entered against Cochran be denied.

NOW, THEREFORE, It is--

RECOMMENDED:

That the Plaintiff's Motion for Entry of Default Judgment [Docket No. 27] be denied.

Dated: June 21, 2006              s/Raymond L. Erickson
                            -
                                  Raymond L. Erickson
                                  CHIEF U.S. MAGISTRATE  JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than July 10, 2006**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than July 10, 2006**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.