UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

William McDermott,

        Plaintiff,

vs.

Rich Morgante, Commissioner,
et al.,

        Defendants.        Civ. No. 06-1071 (JMR/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Motion of the Defendants J. Bonnie Rehder, and Lori J. Johnson (the "County Defendants"), for Leave to File a Dispositive Motion.

On March 16, 2006, the Plaintiff commenced this action under Title 42 U.S.C. §1983, in which he asserts a violation of his constitutional rights. See, Docket No. 1. On November 28, 2006, we issued a Report, in which we recommended that the Federal Defendants' Motion to Dismiss be granted, and in which we further

recommended that the State Defendants' Motion to Dismiss, and for Summary Judgment, be granted, see, Docket No. 57, and our Report was adopted on January 24, 2007, by Order of the District Court, the Honorable James M. Rosenbaum presiding. See, Docket No. 60.  As a result, the County Defendants are the sole remaining Defendants in this action.

Thereafter, on August 29, 2008, we conducted a final Pre-Trial Settlement Conference with the parties, but no settlement was reached.  See, Docket No. 77.  The County Defendants now seek leave to file a Motion for Summary Judgment, see, Docket No. 78, notwithstanding the expiration of the deadlines which were set by our Pretrial Scheduling Order.  See, Docket No. 33 (setting the deadline for dispositive Motions as February 1, 2007).

Although the County Defendants' Motion is out of time, we find no benefit, to either party or to the Court, in having this action proceed to Trial, should the Plaintiff's claims be somehow deficient as a matter of law.  Therefore, to facilitate the disposition of this action, and in accordance with L.R.7.1(b)(1), Local Rules for the United States District Court for the District of Minnesota, we recommend that the County Defendants' Motion be granted, and that the following briefing schedule be implemented.

WHEREFORE, It is --

RECOMMENDED:

1. That the Motion of the County Defendants to serve and file a Motion for Summary Judgment [Docket No. 78] be granted.

2. That the County Defendants be allowed to serve and file a Motion for Summary Judgment, **by no later than January 30, 2009**.

3. That all Memoranda in opposition to the County Defendants' Motion for Summary Judgment, together with any Affidavits and Exhibits, be served and filed **by no later than February 27, 2009**.

4. That all Reply Memoranda be served and filed **by no later than March 13, 2009**. The parties are reminded that all other evidentiary submissions may not be served in conjunction with a Reply Memorandum, unless express leave has been obtained, in advance, from the Court. See, L.R.7.1(b)(1)(c), Local Rules for the United States District Court for the District of Minnesota.

5.   That there shall be no Hearing on the Motion presented by the parties, unless the Court determines that oral argument is essential to secure the just, speedy, and inexpensive determination of this action.  See, <u>Rule 1, Federal Rules of Civil Procedure</u>.

Dated:  December 15, 2008            *s/Raymond L. Erickson*
                                     Raymond L. Erickson
                                     CHIEF U.S. MAGISTRATE JUDGE

## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties by no later than **January 7, 2009**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete

transcript of that Hearing by no later than **January 7, 2009**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.