UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

William McDermott,

                Plaintiff,

vs.                              REPORT AND RECOMMENDATION

Internal Revenue Service; Brent
Cochran; Minnesota Department
of Revenue; State of Minnesota;
J. Bonnie Rehder, Recorder Clay
County, Minnesota; and Lori
Johnson, Auditor/Tax Assessor
Clay County, Minnesota, and
Mark W. Everson, Commissioner
of the Internal Revenue Service,

                Defendants.      Civ. No. 06-1071 (JMR/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a special assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Motion of the Defendants J. Bonnie Rehder ("Rehder"), and Lori J. Johnson ("Johnson")(collectively, "the County Defendants"),

to Dismiss, and for Summary Judgment.[1]  A Hearing on the Motion was conducted on May 21, 2009, at which time, the Plaintiff made no appearance, and the County Defendants appeared by Michelle C. Winkis, Assistant Clay County Attorney.  For reasons which follow, we recommend that the County Defendants' Motion to Dismiss be granted.

## II.  Factual Background

The Plaintiff, who appears pro se, commenced this action against Rehder, who is the Recorder for Clay County, and Johnson, who is the Auditor and Treasurer for Clay County, contending that the County Defendants have entered a number of

---

[1] On November 5, 2008, the County Defendants filed a Motion to Allow for Filing of a Dispositive Motion, see, Docket No. 77, because they had failed to file a dispositive Motion within the deadlines identified in our Pretrial Scheduling Order. See, Docket No. 33 (setting the deadline for dispositive Motions as February 1, 2007). On December 15, 2008, we issued a Report which recommended the grant of the County Defendants' request.  See, Docket No. 80.  On January 13, 2009, our Report was adopted by Order of the District Court, the Honorable James M. Rosenbaum presiding, and the County Defendants were allowed to file a dispositive Motion by January 30, 2009.  See, Docket No. 81.  Subsequently, on January 30, 2009, the County Defendants did file a Motion to Dismiss but, because their Motion did not comply with the Local Rules of this District, they were directed to refile.  See, Docket No. 82.  On February 2, 2009, the County Defendants submitted their current Motion. See, Docket No. 83.  Although the County Defendants' Motion was technically submitted three (3) days beyond the District Court's deadline, we recognize that they had made a good faith effort to comply with the deadline, and therefore, we consider their arguments for dismissal.

conspiracies to defraud the Plaintiff of his property, by imposing illegal and fraudulent taxes.[2]  See, Complaint, Docket No. 1, at ¶¶3-7.

With respect to Rehder, the Plaintiff alleges that she conspired with Brent Cochran ("Cochran"), who is an agent with the Minnesota Department of Revenue ("MDOR"), to seize the Plaintiff's property, including his 1974 mobile home, and his automobile.  Id. at ¶3.  The Plaintiff asks that Rehder "be ordered to remove any/all liens and encumbrances from Plaintiff's properties, and to cease and desist in any further harassment of Plaintiff[.]"  Id. at p. 3.

In addition, the Plaintiff claims that Johnson has:  1) improperly demanded his Social Security number; 2) imposed an illegal and unconstitutional tax on his mobile home; and 3) "defrauded" the Plaintiff by assessing a monthly "Solid Waste Fee."  Id. at ¶¶4, 6.  The Plaintiff asks that Johnson "be ordered to cease with [the] illegal taxation of Plaintiff's personal property."  Id. at p. 3.

As brief background, the Plaintiff has had past disputes with Federal, State, and local taxing authorities, which are mirrored by the issues in this case.  See, McDermott

---

[2]The Plaintiff had brought similar claims against numerous Federal and State Defendants, all of whom were dismissed.  See, Docket Nos. 57, and 60.  Although the Plaintiff had taken an appeal of those rulings to the Court of Appeals for the Eighth Circuit, see, Docket No. 62, that Court dismissed his appeal "for failure to prosecute." See, Docket No. 66.

v. Internal Revenue Service, 2001 WL 1771645 (D. Minn., March 27, 2001), aff'd, Appeals No. 01-1968 (8th Cir., 2001)[unreported decision], cert. denied, 534 U.S. 1106 (2002)( "McDermott I"). In his current Complaint,[3] the Plaintiff attacks the validity of the Minnesota tax collection procedures, which relate to taxable years that are subsequent to those at issue in McDermott I. On September 14, 2001, the Minnesota Commissioner of Revenue issued an Order that held the Plaintiff liable for additional Minnesota income taxes, penalties, and interest, in the amount of $5,032.15. See, Affidavit of Brent Cochran ("Cochran Aff."), Docket No. 46, Ex. A. On October 27, 2004, Cochran filed a Notice of State Tax Lien, with Rehder, in order to secure payment of the liability. Id., at ¶4, and Ex. B.

---

[3]On August 27, 2008, the Plaintiff purported to file an "Amendment of Complaint," which sought to add an allegation that "the Minnesota Income Tax is illegal, unconstitutional, and as applied is fraudulent." Docket No. 76. However, the Plaintiff was not at liberty, without the written consent of the Defendants, or an Order of the Court, see, Rule 15(a), Federal Rules of Civil Procedure, to amend his Complaint where, as here, the State and County Defendants had filed their Answers to his Complaint, see, Docket Nos. 6 and 11, where the State and Federal Defendants had already secured a dismissal of the Plaintiff's Complaint, and where his appeal of those dismissals was dismissed for lack of prosecution. See, Docket No.66. Notably, the Plaintiff never moved to amend his Complaint as he now purports to do, and therefore, we do not recognize his Amended Complaint. In any event, we have previously considered, and rejected, the same arguments by the Plaintiff, see, McDermott I, supra at *4 ("The [Minnesota income] tax, which dates back to 1933, has been held to be constitutional notwithstanding a number of different challenges.")[citing cases] -- a ruling that was affirmed on appeal.

To date, the Plaintiff has not challenged the validity, or the accuracy of that lien, by means of any administrative remedy, or by the filing of a Complaint in the Minnesota State Courts. Id. at ¶¶3,4. Nor has the Plaintiff used those same avenues to challenge Johnson's refusal to give his residence a homestead classification, or to contest the assessment of a solid waste tax. See, Defendants' Memorandum in Support, Docket No. 84, at 3; Affidavit of Lori Johnson ("Johnson Aff."), Docket No. 85, at ¶2.

The County Defendants now seek a dismissal of the Plaintiff's Complaint, and contend that we lack the Subject Matter Jurisdiction to adjudicate the Plaintiff's claims against them. See, Defendants' Memorandum in Support, supra at 8-9. In addition, the County Defendants have moved for Summary Judgment, and argue: 1) that the Plaintiff has failed to provide factual support to sustain his conspiracy claim against Rehder; 2) that the Plaintiff's refusal to provide Johnson his Social Security number was a sufficient basis to deny the Plaintiff's property a homestead classification; and 3) that Clay County is entitled to collect a solid waste tax. Id. at 8-10. The Plaintiff did not file any response to the County Defendants' arguments, and we now turn to consider their merits.

III.  Discussion

A.  The County Defendants' Motion to Dismiss.

1.  Standard of Review. "When reviewing a Rule 12(b)(6) dismissal for failure to state a claim, we look only to the facts alleged in the complaint and construe those facts in the light most favorable to the [nonmoving party]." Riley v. St. Louis County, 153 F.3d 627, 629 (8th Cir. 1998), cert. denied, 525 U.S. 1178 (1999), citing Double D Spotting Serv., Inc. v. Supervalu, Inc., 136 F.3d 554, 556 (8th Cir. 1998); see also, Maki v. Allete, Inc., 383 F.3d 740, 742 (8th Cir. 2004). In addition, all reasonable inferences, from the facts alleged in the Complaint, must be drawn in favor of the nonmoving party -- here, the Plaintiff. See, Maki v. Allete, Inc., supra at 742. "A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief."[4] Young v. City

---

[4] We recognize that the "no set of facts" standard, in reviewing Motions to Dismiss, was abrogated by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 562-63 (2007)(The standard in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), of "no set of facts" "has earned its retirement."). Nevertheless, the abrogation did not change the Court's "accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 546. Here, we apply the Supreme Court's "accepted pleading standard."

of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001), citing Breedlove v. Earthgrains Baking, 140 F.3d 797, 799 (8th Cir. 1998), cert. denied, 525 U.S. 921 (1998); see also, Maki v. Allete, supra at 742; Helleloid v. Independent School Dist. No. 361, 149 F. Supp.2d 863, 866-67 (D. Minn. 2001).

"Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, supra at 627, citing Neitzke v. Williams, 490 U.S. 319, 326-27 (1989). "To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions." Id., citing Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir. 1998); see also, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

A Motion to Dismiss can be converted to a Rule 56 Motion for Summary Judgment if "matters outside the pleadings are presented to and not excluded by the

court." Rule 12(b), Federal Rules of Civil Procedure. However, a Court may consider some information, which is not contained within the Complaint -- such as materials that are part of the public record, and materials that are necessarily embraced by the pleadings -- without transforming the Motion into one for Summary Judgment. See, Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999); see, Enervations, Inc. v. Minnesota Mining and Manufacturing Co., 380 F.3d 1066, 1069 (8th Cir. 2004); Stahl v. United States Dep't of Agriculture, 327 F.3d 697, 700 (8th Cir. 2003).

Materials necessarily embraced by the pleadings include "documents whose contents are alleged in the complaint, and whose authenticity nobody questions, but which are not physically attached to the pleading." Fraenkel v. Messerli & Kramer, P.A., 2004 WL 1765309 at *2 (D. Minn., July 29, 2004), quoting Kushner v. Beverly Enters., 317 F.3d 820, 831 (8th Cir. 2003), see also, Jenisio v. Ozark Airlines, Inc., Ret. Plans, 187 F.3d 970, 972 n.3 (8th Cir. 1999)("A district court may consider documents on a motion to dismiss where * * * the plaintiff's claims are based solely on the interpretation of the documents and the parties do not dispute the actual contents of the documents."). Here, since our recommendation rests entirely upon the pleadings, materials within the public record, and materials that are necessarily

embraced by the pleadings, we analyze the County Defendants' Motion under the framework of Rule 12(b)(6), and not under Rule 56.

      B.    <u>Legal Analysis</u>. The County Defendants argue that the Plaintiff's claims, under Title 42 U.S.C. §1983, for the assertedly unlawful tax collection practices, the denial of homestead status, and the collection of the solid waste tax, are prohibited by the Tax Injunction Act, <u>Title 28 U.S.C. §1341</u> ("TIA"). See, <u>Defendants' Memorandum in Support</u>, supra at 4. Section 1341 provides as follows:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

<u>Title 28 U.S.C. §1341.</u>

Our Court of Appeals has held that the TIA "forbids certain kinds of claims involving state taxation," and "the prohibition extends to declaratory judgment actions as well as to suits for injunctive relief." <u>Burris v. City of Little Rock</u>, 941 F.2d 717, 720 (8th Cir. 1991), citing <u>California v. Grace Brethren Church</u>, 457 U.S. 393, 411 (1982), and <u>Coon v. Teasdale</u>, 567 F. 2d 820, 822 (8th Cir. 1977).

    The TIA has also been applied to Section 1983 suits in which the Plaintiff seeks an injunction. <u>Id.</u>, citing <u>Rosewell v. LaSalle National Bank</u>, 450 U.S. 503 (1981). The United States Supreme Court has also found that general principles of comity bar

Federal Courts from granting damages in Section 1983 actions which challenge State tax procedures. See, Fair Assessment in Real Estate Association, Inc. v. McNary, 454 U.S. 100, 115-116 (1981); see also, Kraemer v. Minnesota Department of Revenue, 2002 WL 31116645 at *3 (D. Minn., September 24, 2002). Accordingly, if there is a plain, speedy, and efficient remedy, that is available to the Plaintiff, then the TIA is applicable, and the Plaintiff's claims must be dismissed against the County Defendants. See, California v. Grace Brethren Church, supra at 393; see also, Bisciglia v. Lee, 370 F. Supp.2d 874, 878 (D. Minn. 2005).

A similar challenge to the State of Minnesota's tax collection procedures -- there, a levy -- was lodged in Bisciglia v. Lee, supra, in which the District Court found that the State of Minnesota's judicial, and administrative remedies, were sufficient to satisfy the requirements of the TIA. Id. at 878-79. Here, the County Defendants have detailed the available State remedies which the Plaintiff could have employed in order to challenge the assessment, enforcement, and collection of taxes, prior to bringing this suit in Federal Court, see, Defendants' Memorandum in Support, supra at 4-6, and the Plaintiff has failed to demonstrate that those remedies are inadequate or, more importantly, that he has attempted to invoke any of them. Accordingly, we

recommend that the Plaintiff's claims, which challenge the County Defendants' tax collection procedures, and assessments, be dismissed for lack of jurisdiction.

The Plaintiff also contends that Rehder has colluded, and conspired with Cochran, in order to seize his personal property. See, Complaint, supra at ¶3. Where, as here, the Plaintiff only offers conclusory allegations of a conspiracy against Rehder, the claim is adjudged to have been insufficiently pled, and subject to dismissal. Indeed, all of the Plaintiff's conspiracy claims are conclusory, and therefore, they fail to state a viable cause of action. See, Smithson v. Aldrich, 235 F.3d 1058, 1063 (8th Cir. 2000), citing Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir. 1988)(noting that a "conspiracy claim requires allegations of specific facts showing a 'meeting of minds' among alleged conspirators."); Snelling v. Westhoff, 972 F.2d 199, 200-01 (8th Cir. 1992), cert. denied, 506 U.S. 1053 (1993); Williams-Bey v. Kempker, 2006 WL 1707962 at *1 (8th Cir., June 22, 2006); Cabal v. United States Department of Justice, 980 F.2d 734, 1992 WL 336447 at *2 (8th Cir. 1992)[Table Decision], cert. denied, 510 U.S. 831 (1993); Erickson v. Koochiching County, 2006 WL 752949 at *19 (D. Minn., March 22, 2006)("Here, the Plaintiff provides no detail as to what the conspiracy involved, its purpose, any acts done in the furtherance of the conspiracy, or what damages resulted from that conspiracy," and

"[a]s a consequence, the Plaintiff's conspiracy allegations fail to meet any test of cognizability, as they are entirely devoid of specificity or factual support."); Boone v. PCL Construction Services, Inc., 2005 WL 1843354 at *7 (D. Minn., August 2, 2005). Accordingly, the Plaintiff's conspiracy claim against Rehder fails to state a viable cause of action, and we recommend that it be dismissed.

In addition, the Plaintiff has brought claims against Johnson for assessing a solid waste tax on his property, and for declining to grant his residence a homestead classification because he refused to provide his Social Security number. See, Complaint, supra at ¶¶4, 7. On this Record, we find the Plaintiff's claims to be without merit. With respect to Johnson's refusal to grant the Plaintiff's residence a homestead classification, Minnesota law requires a property owner, and all occupants, to provide the County Assessor their Social Security numbers before that property receives a homestead classification. See, Minnesota Statutes Section 273.124, Subdivision 13(c);[5] Taylor v. County of Renville, 1991 WL 201043 at * 2 (Minn. Tax,

---

[5]Section 273.124, Subdivision 13(c), provides, in pertinent part, as follows:

> (c) Every property owner applying for homestead classification must furnish to the county assessor the Social Security number of each occupant who is listed as an owner of the property on the deed of record, the name and address of each owner who

September 16, 1991)(citing earlier statute); Kangas v. Wadena, 1988 WL 31724 at *2 (Minn. Tax, March 17, 1988)(citing earlier statute). Furthermore, Federal law permits States, and political subdivisions, to request an individual's Social Security number in order to establish an identification for the administration of a tax. See, Title 42 U.S.C. §405(c)(2)(C)(I).[6] Accordingly, with respect to the denial of a homestead classification, we recommend that the Plaintiff's claim be dismissed.

---

        does not occupy the property, and the name and Social Security number of each owner's spouse who occupies the property. * * *

[6]Section 405(c)(2)(C)(I) provides as follows:

        It is the policy of the United States that any State (or political subdivision thereof) may, in the administration of any tax, general public assistance, driver's license, or motor vehicle registration law within its jurisdiction, utilize the social security account numbers issued by the Commissioner of Social Security for the purpose of establishing the identification of individuals affected by such law, and may require any individual who is or appears to be so affected to furnish to such State (or political subdivision thereof) or any agency thereof having administrative responsibility for the law involved, the social security account number (or numbers, if he has more than one such number) issued to him by the Commissioner of Social Security.

Lastly, the Plaintiff has also challenged the assessment of a solid waste tax on his property. See, Complaint, supra at ¶6. The Plaintiff argues that the tax is illegal because he pays a similar tax to the City of Barnesville, Minnesota. Id We disagree. All Counties in Minnesota are permitted to collect a solid waste tax. See, Minnesota Statutes Section 400.11 (A "county may levy taxes for solid waste management purposes upon all taxable property within the county."). Furthermore, the County Defendants advise that the solid waste tax is assessed on every residence, and business, in Clay County. See, Defendants' Memorandum in Support, supra at 10. Moreover, the Plaintiff has failed to challenge Clay County's statutory authority to assess a solid waste tax on his property, beyond his conclusory allegation that it is illegal. Such a conclusory allegation, without more -- and here, nothing more is offered -- is insufficient to state a viable cause of action. See, Bell Atlantic Corp. v. Twombly, supra at 555; Young v. City of St. Charles, supra at 627; Springdale Educ. Ass'n v. Springdale Sch. Dist., supra at 651. Therefore, with respect to the Plaintiff's claim against the assessment of a solid waste tax on his property, we also recommend its dismissal.

NOW, THEREFORE, It is --

RECOMMENDED:

That the County Defendants' Motion to Dismiss and for Summary Judgment [Docket No. 83] be granted.

Dated: June 29, 2009            *s/Raymond L. Erickson*
                                           Raymond L. Erickson
                                           CHIEF U.S. MAGISTRATE JUDGE

NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than July 17, 2009,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than July 17, 2009,** unless all interested parties

stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.